UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRENDA A. ROWAN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-0749** |
| **HOST HOTELS & RESORTS, INC.** | **SECTION: "F" (4)** |

**ORDER**

Before the Court is **Defendant's, Motion to Compel Discovery Responses (R. Doc. 12)** filed by Defendant Host Hotels & Resorts, Inc., seeking an order from this Court requiring Plaintiff Brenda A. Rowan to respond to its propounded discovery requests. Defendant also seeks attorney' fees and costs. The motion was heard on the briefs on Wednesday, October 26, 2011. The motion is unopposed.

**I.      Factual Background**

Plaintiff Brenda A. Rowan ("Plaintiff") filed this personal injury lawsuit after she broke her nose going through a revolving door at Defendant's hotel. (R. Doc. 1-1, ¶ III.) Plaintiff alleges that Defendant's negligence was the sole and proximate cause of her injuries. (R. Doc. 1-1, ¶ IV.) Thus, Plaintiff seeks damages for past, present, and future physical pain and suffering, mental anguish and distress, and medical expenses. (R. Doc. 1-1, ¶ VII.)

As to the instant motion, Defendant seeks an order from this Court requiring Plaintiff to respond to its propounded discovery requests. Defendant contends that it propounded interrogatories and a request for production of documents to Plaintiff on July 28, 2011. On August 31, 2011, after it did not receive a response from Plaintiff, Defendant contends it scheduled a Federal Rule of Civil Procedure ("Rule") 37 conference with Plaintiff. Defendant further contends that during the Rule 37

conference the parties agreed that Plaintiff would serve her discovery responses on or before September 15, 2011. Defendant contends that Plaintiff has not responded to its request for production of documents, and only provided preliminary responses to its interrogatories. Thus, Defendant seeks an order requiring Plaintiff to respond to its discovery requests. The motion is unopposed.

**II.      Standard of Review**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)) Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C)(iii).

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34. Fed.R.Civ.P. 37(a)(3)(B). Further, "an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer or respond." Fed. R.Civ.P. 37(a)(4).

**III.    Analysis**

    **A.    Federal Rule of Civil Procedure 37**

Defendant contends that, pursuant to Rule 37 it scheduled a conference with Plaintiff to discuss Plaintiffs failure to respond. Rule 37 requires that all discovery motions "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Attached to Defendant's motion is a August 31, 2011 letter from Defendant's counsel to Plaintiff's counsel that states, "[t]his will confirm that we held a discovery conference today regarding the discovery propounded by Marriott upon your client, Brenda Rowan, on July 28th." (R. Doc. 12-2.) Defendant also attached a Rule 37.1 certificate in which it certifies that a conference was held on August 31, 2011, and that additional attempts to reach Plaintiff's counsel via telephone have been unsuccessful. (R. Doc. 12-3.) Thus, Defendant has met the requirements of Rule 37.

    **B.    Local Rule 7.5**

Under Local Rule 7.5, any memorandum in opposition to a motion must be filed eight (8) days before the noticed submission date. Here, Plaintiff did not file a memorandum in opposition, nor did she request an extension of time within which to oppose the motion.

    **C.    Plaintiff's Preliminary Responses to Defendant's Interrogatories**

The Court notes that the subject discovery requests were propounded on July 28, 2011. (R. Doc. 12-2.) Therefore, Plaintiff's responses were due no later than August 27, 2011. Fed.R.Civ.P.

33(b)(2) and 34(b)(2).

Defendant concedes, however, that Plaintiff provided it preliminary responses to its interrogatories. Because Defendant failed to provide the Court with a copy of Plaintiff's preliminary responses, the Court is unable to determine the sufficiency of Plaintiff's responses. Thus, Defendant's motion must be Denied in Part.

### D.     Attorney's Fees

Defendant seeks to recover attorney's fees and costs in connection with this motion. Rule 37 provides that when a discovery motion is granted in part and denied in part, the court may award reasonable expenses, including attorney's fees, to the prevailing party. Fed.R.Civ.P. 37(a)(5)(C). Pursuant to Rule 37(a)(5)(C), Defendant's request for attorney's fees and costs is denied, as Plaintiff did provide Defendant with preliminary responses to its interrogatories.

### IV.     Conclusion

Accordingly,

**IT IS ORDERED** that **Defendant's, Motion to Compel Discovery Responses (R. Doc. 12)** is hereby **GRANTED IN PART AS UNOPPOSED** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff Brenda A. Rowan shall provide **complete responses** to Defendant Host Hotels & Resorts, Inc.'s First Set of Requests for Production of Documents **no later than seven (7) days** from the signing of this Order.

New Orleans, Louisiana, this 31st day of October 2011.

*[signature]*

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**